IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Earl E. Grigsby,                      Case No. 3:05CV7054

      Plaintiff

v.                                    ORDER

Elaine L. Chao,

      Defendant

This is a suit by a union member against the Secretary of Labor, Elaine L. Chao (Secretary), pursuant to 5 U.S.C. §§ 702, 704. Plaintiff contends that the Secretary's rejection of his challenge to a union election was arbitrary and capricious and her statement of reasons was insufficient. This court has jurisdiction under 28 U.S.C. § 1337.

Pending is defendant's motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). For the following reasons, defendant's motion shall be granted.

**Background**

On April 22, 2004, Local 329 (Local 329) of the Laborers International Union of North America (LIUNA), AFL-CIO accepted nominations for the office of Secretary-Treasurer. Four individuals were nominated as candidates for the position: Carol Wireman Smith, Bonnie Stauffer, Tim Lucewireman, and plaintiff Earl Grigsby.

As a qualification for office, Article V, Section 4 of the LIUNA Local Uniform Constitution requires

that the individual has been "regularly working at the calling of the International Union during the entire year immediately prior to nomination." (Doc. 1, Ex. 1 at 90.) "Working at the calling" is further defined to include: "Employment for which the Union serves, or is actively seeking to serve, as the exclusive collective bargaining representative of employees." (*Id*.)

Within days after the nominations, plaintiff appeared before several election judges and objected to the nomination of Lucewireman. Plaintiff claimed that Lucewireman was not qualified to be a candidate for union office because he had not been working at a trade covered under any collective bargaining agreement between a local union of LIUNA and an employer.

Lucewireman had been working as a site safety director. Plaintiff contends that this position was not "working at the calling of the International Union" because Lucewireman was able to bargain for his own salary, vacation, and company vehicle.

After discussing Lucewireman's qualifications with the union's international representative, Mark Lynsky, the election judges determined that Lucewireman was qualified to run for office.

On June 1, 2004, Local 329 conducted its election. Plaintiff ran for the office of Secretary-Treasurer, but finished second to Lucewireman.

On June 6, 2004, plaintiff filed an election protest with the LIUNA's special elections officer. The officer denied plaintiff's protest.

Plaintiff filed a complaint with the Secretary on July 13, 2004, under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 481-82. Plaintiff, in the complaint, raised several concerns about the election, including Lucewireman's qualifications.

The Secretary responded to plaintiff's complaint in a letter dated December 7, 2004. She declined

to set aside the election and stated that her investigation did "not provide a basis for any action by the [Secretary] to set aside the protested election." (Doc. 1, Ex. C.)

On January 14, 2005, the Secretary issued a Statement of Reasons explaining the decision. With regard to the plaintiff's allegations concerning Lucewireman's qualifications, the Secretary determined that plaintiff "did not comply with the union's protest procedures by filing a proper pre-election protest," and thus, "the issue . . . was not properly within the scope of its investigation." (Doc. 1, Ex. D at 1.)

Plaintiff subsequently filed suit in this court alleging that the Secretary acted in an arbitrary and capricious manner in declining to act on plaintiff's complaint. Plaintiff seeks a more detailed Statement of Reasons and an order setting aside the election results and installing plaintiff as Secretary-Treasurer of Local 329.

After plaintiff filed the instant lawsuit, the Secretary prepared and provided plaintiff with a Supplemental Statement of Reasons. Plaintiff asserts that the Statement, though supplemented, remains deficient.[1]

## Standard of Review

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, the court reads the complaint in the light most favorable to the complaining party, and all of the complaining party's factual allegations are accepted as true. *Dugan v. Brooks,* 818 F.2d 513, 516 (6th Cir. 1987). The court's task is to determine not whether the complaining party will prevail on its claims but whether it is entitled to offer evidence to support those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236

---

[1] For the purposes of this motion to dismiss, I do not believe it is proper for me to consider the contents of this document, and thus have not done so.

(1974). Dismissal is appropriate only if it appears beyond doubt that the complaining party can prove no set of facts in support of the claims that would entitle him or her to relief. *Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)).

"[A]s a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There are exceptions, however, one of which permits consideration of documents attached to a motion to dismiss. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Id.* (*citing Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

Courts may also consider letter decisions of governmental agencies, *Id.* (*citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)) and documents referenced in the plaintiff's complaint even if the documents are not attached as exhibits. *Weiner*, 108 F.3d at 89 (noting that Fed. R. Civ. P. 10(c) states: "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

Therefore, in ruling on defendant's motion, I can consider plaintiff's letter and complaint to the Secretary and the Secretary's letter and Statement of Reasons, all of which plaintiff referenced in and attached to his original complaint.

**Discussion**

4

The Secretary contends that plaintiff has failed to state a claim on which relief can be granted because: 1) her decision was not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law as the plaintiff did not properly invoke his union remedies; 2) the plaintiff is not entitled to a court determination as to the timeliness of plaintiff's election complaint or an order setting aside the election and installing plaintiff as the Secretary-Treasurer; and 3) "the plaintiff's complaint fails to justify the issuance of a preliminary injunction." (Doc. 5-2 at 16.)

### 1. Labor-Management Reporting and Disclosure Act of 1959 (LMRDA)

The purpose of Title IV of the LMRDA is to "insure free and democratic elections." *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 470-71 (1968); *Wirtz v. Local Union No. 705, Hotel & Restaurant Employees & Bartenders Union, AFL-CIO*, 389 F.2d 717, 718 (1968). Title IV sets forth the substantive rules governing union elections, *see* 29 U.S.C. § 481, and the method for challenging and enforcing those election procedures. *See* 29 U.S.C. § 482; *Donovan v. Westside Local 174, Intern. Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO*, 783 F.2d 616, 619 (6th Cir. 1986).

The enforcement provisions of § 482 provide, with respect to an election grievance, that a union member must first exhaust internal union remedies. *Id*. at 620. If the member is unable to secure relief, then he or she may file a complaint with the Secretary of Labor. *Id.*; 29 U.S.C. § 482(a).[2]

---

[2] Section 482(a) states in pertinent part:

   A member of a labor organization--

   (1) who has exhausted the remedies available under the constitution and bylaws of such

On receipt of a complaint, the Secretary must under § 482(b) investigate the allegations and determine whether there is probable cause to believe that a § 481, violation has occurred. *Id.* The Secretary then has the discretion to determine whether this violation may have affected the outcome of the election. If so, she may bring suit in federal court to set aside the election. *Wirtz*, 389 U.S. at 464 (citing 29 U.S.C. § 482(b)); *see also Donovan*, 783 F.2d at 620.

### 2. Scope of Review of the Secretary's Decision

The Secretary's decision not to file suit to set aside an allegedly invalid union election is subject to judicial review under the Administrative Procedure Act to determine whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *see Dunlop v. Bachowski*, 421 U.S. 560, 566 (1975), *overruled on other grounds by Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers v. Crowley*, 467 U.S. 526 (1984).

As the reviewing court, I must refrain from substituting my judgment for that of the Secretary. *Id.* at 571-72. Ordinarily, "the court's review should be confined to examination of the 'reasons' statement,

---

organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers).

6

and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." *Id*. at 572-73. Thus, I may not consider the plaintiff's challenges to the factual bases for the Secretary's decision or permit the "full trappings of adversary trial-type hearing[]." *Id*. at 573; *see also Holmes v. Donovan*, 796 F.2d 173, 178-79 (6th Cir. 1986) ("Trial-type hearings should be avoided except in the rare case."). Such hearings, however, "may be justified when the [Secretary] completely abrogates [her] enforcement responsibilities, acts in a blatantly discriminatory manner, or otherwise proceeds in a manner clearly defiant of the statute." *Holmes*, 796 F.2d at 179.

The Secretary is required to accompany any decision with a sufficient statement of reasons. *Id*. at 178. "[A]lthough detailed findings of fact are not required, the statement of reasons should inform the court and the complaining union member of both the grounds of decision and the essential facts upon which the Secretary's inferences are based." *Dunlop*, 421 U.S. at 573-74.

If I determine "there is a rational and defensible basis (stated in the reasons statement) for (the Secretary's) determination, then that should be an end of this matter, for it is not the function of the Court to determine whether or not the case should be brought or what its outcome would be." *Id.* at 573 (citing *DeVito v. Shultz*, 72 L.R.R.M. 2682, 2683 (D. D.C. 1969)); *see also Holmes*, 796 F.2d at 179 ("[T]here should be judicial interference with [the Secretary's] action only where it is so irrational as to be arbitrary and capricious.")

### 3. Merits of Plaintiff's Claim

Plaintiff's complaint to the Secretary contended that Lucewireman had been allowed to run for and was elected Secretary-Treasurer of Local 329 even though he had not been "regularly working at the calling of the International Union." As noted above, plaintiff contends that Lucewireman had been working as a site safety director, which did not, in plaintiff's view, constitute "working at the calling" under the LIUNA Constitution because he bargained for his own salary, vacation, and company vehicle.

Plaintiff contends that the Secretary's finding that he had not complied with the union's protest procedures was arbitrary and capricious. Plaintiff claims that he followed the procedure prescribed by Article VI, § 2(d) on the LIUNA Constitution when, prior to the election, he appeared before several judges of election and complained about Lucewireman's alleged lack of qualifications to stand for union office.

Article VI, § 2(d) states: "Any member in good-standing wishing to protest the qualification of any candidate or who may have information or data regarding the qualification of a candidate, may also appear before the Judges of Election at the time and place specified[.]" (Doc. 1, Ex. A at 94.)

Plaintiff contends that the Constitution provides two alternative procedures for protesting a candidate's qualifications before an election: namely, the one procedure under Article VI, § 2(d) and another under Article XII, § 8. He argues that the use of the language "may also appear" in Article VI, § 2(d) demonstrates that the procedure in that section is an alternative method of filing a pre-election protest.

I disagree. Based on my review of the Secretary's Statement of Reasons and the LIUNA Uniform Local Union Constitution, appearing before the election judges does not eliminate the need to comply with Article XII, § 8. The language of Article XII, § 8 is unequivocal: "Any member aggrieved with the

8

nomination process *must appeal* directly to the Independent Hearing Officer prior to the holding of the election." (Doc. 1, Ex. A at 109) (emphasis added). The use of the term "must" expresses an unyielding mandate.

The context of Article VI, § 2 supports this interpretation. Article VI, § 2(a) requires "all candidates *to appear* before the Judges of Election" to determine whether each candidate possesses the qualifications to hold office. (Doc. 1, Ex. A at 93) (emphasis added). The subsequent § 2(d) follows the structure of § 2(a) by stating that "[a]ny member . . . wishing to protest the qualification of any candidate . . . *may also appear* before the Judges of Election . . . ." (Doc. 1, Ex. A at 94) (emphasis added). Thus, the former mandates all candidates to appear before the judges, while the later permits other union members to appear at the same time to protest a candidate's qualifications or provide information concerning a candidate's qualifications.

The Code of Federal Regulations requires the Secretary to interpret LIUNA's constitution in a manner consistent with the union's own interpretation: "The interpretation consistently placed on a union's constitution by the responsible union official or governing body will be accepted unless the interpretation is clearly unreasonable." 29 C.F.R. § 452.3. Here, the Secretary followed LIUNA's interpretation of its Constitution. That interpretation was not unreasonable.

Plaintiff admits that he did not comply with Article XII, § 8, having opted to follow Article VI, § 2(d). The former, however, is mandatory, based on the clear language of the LIUNA Uniform Local Union Constitution. Accordingly, I find the Secretary's interpretation not to be arbitrary or capricious.

9

I also find that the Secretary's original Statement of Reason is sufficient. An examination of the Statement reveals that the Secretary's decision was rationally based on LIUNA's reasonable interpretation of its Constitution and plaintiff's failure to comply with Article XII, § 8. Moreover, the Secretary has voluntarily prepared and provided plaintiff with a Supplemental Statement of Reasons which explains in considerable detail the union's and the Secretary's interpretations of the union constitution, specifically the distinction between Article XII, § 8 and Article VI, § 2(d).

## Conclusion

In light of the foregoing, it is

ORDERED THAT: Defendant's motion to dismiss be, and the same hereby is, granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge